USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/11/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALCOLM SQUIREWELL,

                              Plaintiff,

          -against-

CITY OF NEW YORK,

                              Defendant.

26-CV-02498 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Malcolm Squirewell initiated this action on March 26, 2026.  *See* Dkt. No. 1.

Plaintiff, a former Corrections Officer with the New York City Department of Correction,

alleges that the City violated his constitutional rights, as well as the Family and Medical Leave

Act, the New York Labor Law, and the Fair Labor Standards Act by improperly deeming

Plaintiff as having resigned in July 2023.  Dkt. No. 1 at 9–10, 32.  On May 8, 2026, Defendant

requested a 45-day extension of the time to respond to the Complaint.  *See* Dkt. No. 10.  The

same day, Plaintiff filed a Motion for a Temporary Restraining Order ("TRO"), which was

docketed on May 11, 2026.  *See* Dkt. No. 11.  For the reasons set forth below, Plaintiff's motion

for a TRO is DENIED.  To the extent the TRO is intended to oppose Defendant's extension

request, that request is properly handled by Judge Parker, to whom the case has been referred for

general pre-trial management, and so is not addressed in this Order.  *See* Dkt. No. 5.

In the Second Circuit, "the standard for an entry of a TRO is the same as for a

preliminary injunction." *Valenzuela Arias v. Decker*, 612 F. Supp. 3d 307, 311 (S.D.N.Y.

1

2020)..[1]  Accordingly, a party seeking a preliminary injunction or TRO "must ordinarily establish

(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently

serious questions going to the merits of its claims to make them fair ground for litigation, plus a

balance of the hardships tipping decidedly in favor of the moving party; and (3) that a

preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*,

787 F.3d 638, 650 (2d Cir. 2015).  "A TRO is an extraordinary remedy that will not be granted

lightly." *Dolce v. Certified Luxury Motors*, No. 25-CV-02150 (AT) (RWL), 2025 WL 1184076,

at *2 (S.D.N.Y. Apr. 23, 2025).

"Irreparable harm is the single most important prerequisite to a TRO." *Stonington Cap.*

*Advisors, LLC v. Southfield Cap., LLC*, No. 20-CV-06053 (ER), 2022 WL 3030514, at *5

(S.D.N.Y. Aug. 1, 2022).  "If the movant does not carry his burden to establish that he will suffer

irreparable harm absent the issuance of an injunction, a court need not consider the other factors,

such as likelihood of success on the merits." *Purgess v. Parauda*, No. 20-CV-2984 (RA), 2021

WL 2269540, at *3 (S.D.N.Y. June 3, 2021).  To establish irreparable harm, the alleged harm

"must be shown to be actual and imminent, not remote or speculative" and "cannot be adequately

redressed by final relief on the merits." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.

2002).  Furthermore, in the context of a request for a TRO, the movant must "demonstrate[] a

threat of irreparable harm that will occur *immediately*." *Carter v. Sewell*, No. 23-CV-01139

(JLR) (RWL), 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023).

Plaintiff's motion for a TRO does not allege that Plaintiff will suffer immediate

irreparable harm absent emergency relief.  Rather, as Plaintiff himself admits, the harm he

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

alleges has been ongoing for nearly three years. *See* Dkt. No. 11 at 1 ("This is an emergency application arising from ongoing constitutional and statutory violations that have deprived Plaintiff of his livelihood, wages, medical care, and due process rights *for over three years*.") (emphasis added). Additionally, other than Defendant's request for an extension of the deadline to respond to the Complaint, Plaintiff's request for a TRO is based on the same set of facts as his Complaint and seeks overlapping relief. *See, e.g.*, Dkt. No. 11 at 3 (requesting restoration of Plaintiff's employment status); Dkt. No. 1 at 17 (requesting "[r]einstatement to Plaintiff's former position").

Where, as here, "there has been considerable delay in seeking this drastic remedy" of emergency relief, "a court must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief." *Lewis v. Gov't of England & United Kingdom*, No. 22-CV-10792 (JLR), 2023 WL 2664081, at *2 (S.D.N.Y. Mar. 28, 2023), *aff'd sub nom. Lewis v. Gov't of England & the United Kingdom*, No. 23-500-CV, 2023 WL 8664492 (2d Cir. Dec. 15, 2023). "[D]elay, 'standing alone,' may 'preclude the granting of preliminary injunctive relief' because it 'suggests that there is, in fact, no irreparable injury.'" *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 222 (S.D.N.Y. 2019) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995)). Such is the case here, where Plaintiff waited nearly three years to bring this action after his loss of employment and nearly two months after filing the complaint to request any emergency relief. This multi-year delay in requesting relief for harms that occurred several years ago precludes a finding of imminent irreparable harm. *See, e.g., Zanazzi v. Town of Babylon*, No. 26-CV-00514 (NJC) (ARL), 2026 WL 482657, at *2 (E.D.N.Y. Feb. 19, 2026) (denying a TRO where the moving party "[did] not sufficiently demonstrate that he will suffer irreparable harm in the absence of an

injunction given that these injuries have been ongoing for almost a year"). In addition, the harms Plaintiff alleges are largely within the universe of harms that can be remedied, if successful, with a money judgment. To the extent Plaintiff claims other non-monetary harms, such as "disruption of critical medical treatment," Dkt. No. 11 at 2, he provides insufficient information to determine whether that alleged disruption occurred in July 2023 when Plaintiff was allegedly unlawfully deemed to have resigned and was denied his benefits, or is some new harm that has arisen more recently. That also counsels strongly against any need for immediate action before the case can be adjudicated on the merits. *See St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse, P.C.,* 131 F. 4th 102, 108 (2d Cir. 2025) ("It is settled law that when an injury is compensable through money damages there is no irreparable harm."). Accordingly, Plaintiff's application for a TRO is denied.

Finally, to the extent Plaintiff's TRO can be construed as an opposition to Defendant's request for an extension of time to respond to the Complaint, *see* Dkt. No. 11 at 3, that request falls within the referral to Judge Parker for general pretrial management of the case.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a TRO is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 11.

Dated: May 11, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge