

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __06/24/2026__

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Nikhil A. Pandey**
*Assistant Corporation Counsel*
Labor & Employment Division
(212) 356-2470
npandey@law.nyc.gov

June 23, 2026

**APPLICATION DENIED:** **The ICMC scheduled for June 25, 2026, at 12:00 p.m.** will proceed as scheduled.

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge

**06/24/2026**

<u>VIA ECF</u>
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 750
New York, NY 10007

Re:     Malcolm Squirewell v. City of New York
        1:26-CV-02498 (MMG) (KHP)

Dear Honorable Katharine H. Parker:

        I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for Defendant the City of New York ("City"). Defendant writes to respectfully request that Your Honor stay discovery, pursuant to FRCP 26(c), and adjourn the Initial Case Management Conference, currently scheduled for June 25, 2026 at 12:00 pm *sine die*.

        Plaintiff, proceeding *pro se*, is a former employee of the New York City Department of Corrections ("DOC"), alleging that his constitutional rights were violated when he experienced interference with his federally protected rights under the Family and Medical Leave Act, deprivation of earned wages, and violations of his procedural Due Process rights. Plaintiff brings this action under the Due Process Clause of the Fourteenth Amendment, the Family and Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act of 1974, and Section 504 of the Rehabilitation Act.

        Your Honor previously granted Defendant an extension of time until June 26, 2026 to respond to the Amended Complaint, ECF No. 14. Defendant intends to file a fully dispositive motion to dismiss before Hon. Judge Margaret M. Garnett by that date. Defendants intends to move to dismiss on res judicate and collateral estoppel grounds given that Plaintiff previously filed

complaints before the New York State Human Rights Division and in New York Couty Supreme Court for the same alleged facts.

With Defendant's anticipated motion, and given its fully-dispositive grounds, a stay of discovery is respectfully requested pending resolution of the motion. Chesney v. Valley Stream Union Free Sch. Dist. No. 24, No. 05-CV-5106 (DRH) (ETB), 236 F.R.D. 113, 116 (E.D.N.Y. 2006). A stay of discovery is appropriate, given the likelihood of success of Defendant's motion. See O'Sullivan v. Deutsche Bank AG, No. 17-CV-8709 (LTS) (GWG), 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss"); Telesca v. Long Island Hous. P'ship, Inc., No. 05-CV-5509 (ADS) (ETB), 2006 U.S. Dist. LEXIS 24311, at *4 (E.D.N.Y. Apr. 27, 2006) (staying discovery where defendants' motion raised "substantial issues with regard to the viability of plaintiffs' complaint"); Johnson v. N. Y. Univ. Sch. of Educ., 00-CV-8117 (WK) (RLE), 205 F.R.D. 433, 434 (staying discovery where defendants' motion was "potentially dispositive," did not appear unfounded in law, and would potentially "obviate the need for burdensome discovery").

This is Defendant's first request to stay discovery. Plaintiff has not consented to this request, stating that they "…need this conference to address discovery of records within defendants exclusive possession," and that further delay would harm his "positioning". However, Plaintiff would not suffer any prejudice if discovery were stayed. Amron v. 3M Minn. Mining & Mfg. Co., No. 23-CV-08959 (PKC) (JMW), 2024 U.S. Dist. LEXIS 12759, *8 (E.D.N.Y Jan. 24, 2024). Defendant has made a strong showing that they are likely to succeed in their motion to dismiss the Complaint in its entirety. In addition, Defendant would suffer undue expense if discovery were to continue, and the case were dismissed. See United States v. Cnty. of Nassau, No. 99-CV-3334 (ADS), 188 F.R.D. 187, 189 (E.D.N.Y. Sept. 23, 1999) (granting stay of discovery where "…the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event [the pending] motion to dismiss is ultimately granted.").

Accordingly, Defendant respectfully requests that the Court stay discovery pending decision on Defendant's anticipated motion to dismiss and adjourn the Initial Case Management Conference, currently scheduled for June 25, 2026, sine die.

Thank you for the Court's consideration of this request.

Respectfully submitted,

_/s/ Nikhil A. Pandey_
Nikhil A. Pandey
Assistant Corporation Counsel

cc:    Malcolm Squirewell
       1602 Pacific Street, 4A
       Brooklyn, New York 11213